ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 27 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

PETER M. BEASLEY        §
                        §
        Plaintiff,      §
                        §
VS.                     §
                        §   NO. 3-04-CV-1059-B
FIRST AMERICAN REAL ESTATE §
INFORMATION SERVICES, INC., §
ET AL.                  §
                        §
        Defendants.     §

## MEMORANDUM ORDER

Plaintiff Peter M. Bealsey and Defendant First American Real Estate Information Services, Inc. have filed separate motions to compel discovery in this Title VII race discrimination and retaliation case. By his motion, plaintiff seeks an order compelling production of: (1) formal and informal complaints of race discrimination or retaliation made by or against employees in the Dallas Information Systems Department from January 1, 2000 to the present; (2) non-redacted versions of certain documents produced by defendant; (3) certain documents withheld as attorney work product; and (4) the complete personnel files of several key witnesses. Defendant seeks plaintiff's federal income tax returns for the years 2003 and 2004 or, in the alternative, a sworn statement that these tax returns do not exist. Both parties also seek costs and attorney's fees in connection with their respective motions. The issues have been fully briefed by the parties in a Joint Status Report filed on April 22, 2005, and the motions are ripe for determination.

A.

In two requests for production, plaintiff seeks documents pertaining to formal charges or complaints of race discrimination or retaliation under Title VII or the TCHRA, and any internal

complaints and investigations of race discrimination or retaliation, from January 1, 2000 to the present. (*See* Plf. Req. for Prod. Nos. 25 & 26). Plaintiff subsequently agreed to limit the scope of these document requests to the business unit where he worked, and defendant agreed to produce all complaints of discrimination or retaliation, whether formal or informal, made by or against anyone in the Dallas Information Systems Department from January 1, 2000 until February 7, 2003, the date plaintiff was terminated. (Jt. Stat. Rep. at 3-4). Therefore, the sole issue is whether defendant must produce responsive documents for the two-year period subsequent to plaintiff's termination.

Courts typically impose temporal restrictions on discovery in Title VII cases. *See, e.g. Glenn v. Williams,* 209 F.R.D. 279, 281-82 (D.D.C. 2002) (noting limits as to time period, type of discrimination alleged, and business unit where plaintiff and supervisors worked); *Smith v. Just For Feet, Inc.,* 1999 WL 447454 at *2 (E.D. La. Jun. 24, 1999) (same); *Miles v. Boeing Co.,* 154 F.R.D. 117, 119 (E.D. Pa. 1994) (same). However, "discovery of information both before and after the liability period within a Title VII lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period." *Owens v. Sprint/United Management Co.,* 221 F.R.D. 649, 655 & n.29 (D. Kan. 2004) (citing cases). The court must balance the potential relevance of such information against the burden to the employer. *Id.* Here, the additional two-year period requested by plaintiff is not overly broad or unreasonable. Defendant has failed to allege, much less prove, that the production of formal and informal complaints of race discrimination or retaliation made by or against employees in the Dallas Information Systems Department from January 1, 2000 to the present is unduly burdensome. Consequently, defendant must produce documents responsive to Request Nos. 25 & 26 for the time period specified by plaintiff. *See e.g. Raddatz v. Standard Register Co.,* 177 F.R.D. 446, 448 (D. Minn. 1997) (allowing discovery for two-

year period following plaintiff's termination); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa.1995) (same).

B.

Next, plaintiff moves to compel the production of non-redacted versions of "Focal Point ratings" for employees under the direct supervision of Jon Baird and the calendars of several employees. (Doc. Nos. 4367-74, 4377-81, 4384-92). Defendant explains that the "Focal Point ratings" were redacted to delete confidential information not responsive to plaintiff's document request, such as social security numbers, prior performance history under different supervisors, and salary information. Calendar entries containing personal and business information that "have nothing to do with Plaintiff or this lawsuit" also were redacted by defendant. (*See* Jt. Stat. Rep. at 10-11).

The court agrees that the social security numbers of employees are confidential and not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g. Walters v. Breaux*, 200 F.R.D. 271, 274 (W.D. La. 2001) (citing cases protecting legitimate privacy and confidentiality concerns with respect to social security numbers). However, plaintiff is entitled to inspect all other redactions made by defendant in order to verify that the deleted information is non-responsive and irrelevant. The protective order agreed to by the parties and approved by the court adequately protects against the misuse or disclosure of any private or confidential information contained in these documents. *See* Agr. Prot. Order, 12/1/04.

C.

Defendant has submitted a privilege log identifying various documents withheld from production as attorney-client communications and attorney work product. Among the documents are: (1) e-mails regarding plaintiff's internal complaint, charge of discrimination, and defendant's

response to same; (2) memos, including a memo from Rob Brewer dated February 13, 2003, entitled "Beasley Harassment Claim;" and (3) notes, including the undated notes of Cecilia Thompson regarding the meeting during which plaintiff was terminated. (Jt. Stat. Rep. at 11). Plaintiff seeks an order compelling the production of the e-mails, memos, and notes.

Although defendant claims both the attorney-client privilege and the attorney work product doctrine on its privilege log, it argues only that the documents are work product. (*See id.* at 14-15).[1] Under Fed. R. Civ. P. 26(b)(3), only documents prepared "in anticipation of litigation" are entitled to work product protection. *See Dunn v. State Farm Fire & Casualty Co.*, 927 F.2d 869, 875 (5th Cir.1991). The documents need not be generated in the course of an ongoing lawsuit, but must have been prepared because of the prospect of impending litigation and not for some other purpose:

> Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work-product immunity for documents prepared in the regular course of business rather than for purposes of the litigation.

*In re Leslie Fay Cos., Inc. Securities Litigation*, 161 F.R.D. 274, 280 (S.D.N.Y. 1995), *quoting* 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2024 (2d ed.1994). Stated differently, a document is entitled to work product protection if "the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *Electronic Data Systems Corp. v. Steingraber*, 2003 WL 21653414 at *4 (E.D. Tex. Jul. 9, 2003), *quoting United States v.*

---

[1] To the extent defendant now claims that the e-mails, memos, and notes identified in its privilege log are attorney-client communications, it has failed to demonstrate how each document satisfies the requirements of the privilege. *See Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 & n. 7 (5th Cir.1985) (citing cases); *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473-74 (N.D. Tex. 2004). A general allegation of privilege is insufficient to meet this burden. *See Nutmeg Insurance Co. v. Atwell, Vogel & Sterling*, 120 F.R.D. 504, 510 (W.D. La.1988); *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 333 (E.D.N.Y.1996).

*Davis*, 636 F.2d 1028, 1039 (5th Cir.), *cert. denied*, 102 S.Ct. 320 (1981). Among the factors relevant to determining the primary motivation for creating a document are "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Id.* at *5, *citing Piatkowski v. Abdon Callais Offshore, L.L.C.*, 2000 WL 1145825 at *2 (E.D. La. Aug.11, 2000). If the document would have been created without regard to whether litigation was expected to ensue, it was made in the ordinary course of business and not in anticipation of litigation. *Id.* Like all privileges and exemptions, the party seeking work product protection has the burden of proving that the disputed documents are work product. *See Miller v. Federal Express Corp.*, 186 F.R.D. 376, 387 (W.D. Tenn. 1999).

Here, defendant alleges that "[t]he items identified as withheld on Defendant's First Amended Privilege Log are all items that were prepared in anticipation of litigation and would not have been prepared in such form but for the prospect of litigation." (Jt. Stat. Rep. at 14). However, absolutely no evidence is offered to substantiate this conclusory assertion. In particular, defendant wholly fails to prove that the "primary motivating purpose" behind the creation of the e-mails, memos, and notes at issue was to aid in possible future litigation. *See Miller*, 186 F.R.D. at 387; *Electronic Data Systems*, 2003 WL 21653414 at *5. Nor has defendant tendered the documents to the court for review. Without such evidence, defendant cannot establish that these items are entitled to work product protection.

D.

Plaintiff also seeks the complete personnel files for David Yavorsky, Cecilia Thompson, Robert Brewer, Jon Baird, Sam Dotson, and Ron McCarty. (Plf. Req. for Prod. Nos. 5, 36 & 37). Yavorsky and Thompson work in the Human Resources Department and were involved in the

decision to terminate plaintiff. Brewer also works for Human Resources and, according to plaintiff, "was directly responsible for investigating and drafting [defendant's] response to Plaintiff's complaint of discrimination[.]" (Jt. Stat. Rep. at 16). Baird and Dotson were plaintiff's immediate supervisors at different times. McCarty has taken over a majority of plaintiff's duties since his termination. With respect to Yavorsky, Thompson, Brewer, and Baird, defendant has agreed to produce documents from their personnel files, to the extent they exist, pertaining to the reasons for plaintiff's termination and other complaints of race discrimination or retaliation. Defendant also has agreed to produce documents from McCarty's personnel file pertaining to his compensation and qualifications for the position in 2003. Defendant has refused to produce any other documents from the personnel files of these employees or any documents pertaining to Dotson, plaintiff's former supervisor.

To the extent any of the personnel files include information relating to the reasons for plaintiff's termination or other complaints of race discrimination or retaliation, they are clearly relevant and must be produced. However, plaintiff is not entitled to rummage through the personnel files of these employees in hopes of discovering information that might possibly be relevant to his claim. Moreover, the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved. *See Raddatz*, 177 F.R.D. at 447, *quoting Dahdal v. Thorn Americas, Inc.*, 1997 WL 599614 at *1 (D. Kan. Sept. 15, 1997) ("To permit wide dissemination of personnel files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit. Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material."). Therefore, defendant need only produce documents from the personnel files of David Yavorsky, Cecilia Thompson, Robert Brewer, Jon Baird, and Sam Dotson pertaining to plaintiff's termination or other complaints of race discrimination or retaliation.

Defendant also must produce documents from Ron McCarty's personnel file pertaining to his compensation and qualifications for the position in 2003.

E.

Defendant seeks an order compelling plaintiff to produce his federal income tax returns for 2003 and 2004. (Def. Req. for Prod. No. 10). Plaintiff does not dispute the relevance of these documents. Instead, he claims that he has not filed tax returns for those years and criticizes defendant for "attempt[ing] to get blood from a stone by demanding the production of documents which do not exist." (Jt. Stat. Rep. at 25).

Clearly, the court cannot compel plaintiff to produce non-existent documents. However, defendant is entitled to an unequivocal representation by plaintiff, under oath, that the documents specified in this request for production do not exist. If plaintiff did not give such testimony at his deposition, defendant will be granted leave to propound an appropriate interrogatory which must be answered by plaintiff under oath.

F.

Finally, both parties request costs and attorney's fees in connection with their respective motions. The federal rules empower a court to award reasonable expenses to the prevailing party in a discovery dispute unless the position advanced by the other party is "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A) & (B). In light of the fact that neither party has obtained all the relief requested, the court determines that plaintiff and defendant should bear their own costs and expenses. However, the parties and their attorneys are admonished to work together in a cooperative and professional manner in an attempt to resolve any future discovery disputes without court action.

## CONCLUSION

For the reasons stated herein, plaintiff's motion to compel discovery is granted in part and denied in part. Defendant shall produce the following documents to opposing counsel on or before **May 12, 2005**:

1. Documents pertaining to formal or informal complaints of race discrimination or retaliation made by or against employees in the Dallas Information Systems Department from January 1, 2000 to the present;

2. Non-redacted versions of "Focal Point ratings" for employees under the direct supervision of Jon Baird and calendars of employees, Document Numbers 4367-74, 4377-81, 4384-92, except that any social security numbers contained in the "Focal Point ratings" may be redacted;

3. The following documents identified in Defendant's First Amended Privilege Log:

    (a) E-mails regarding plaintiff's internal complaint, charge of discrimination, and defendant's response to same;

    (b) Memos, including a memo from Rob Brewer dated February 13, 2003, entitled "Beasley Harassment Claim;" and

    (c) Notes, including the undated notes of Cecilia Thompson regarding the meeting during which plaintiff was terminated;

4. Any documents from the personnel files of David Yavorsky, Cecilia Thompson, Robert Brewer, Jon Baird, and Sam Dotson pertaining to plaintiff's termination or other complaints of race discrimination or retaliation, and documents from Ron McCarty's personnel file pertaining to his compensation and qualifications for the position in 2003.

In all other respects, plaintiff's motion to compel is denied.

Defendant's motion to compel discovery is provisionally granted. If plaintiff did not unequivocally testify at his deposition that he did not prepare or file federal income tax returns for the years 2003 and 2004, defendant will be granted leave to propound an appropriate interrogatory which must be answered by plaintiff under oath.

The parties' cross-motions for costs and attorney's fees are denied.

SO ORDERED.

DATED: April 27, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE